IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Demetrius Gathers, #168209, ) | |
| ) | C/A No. 6:04-0399-27 |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| Colie Rushton, Warden of McCormick ) | |
| Correctional Institution; and Henry ) | |
| McMaster, Attorney General of ) | |
| South Carolina, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Petitioner, an inmate at McCormick Correctional Institution of the South Carolina Department of Corrections("SCDC"), proceeding *pro se*, seeks relief pursuant to 28 U.S.C. § 2254. Petitioner filed his petition on February 13, 2004.

This matter is before the Court on defendants' motion for summary judgment filed July 2, 2004. By order filed July 2, 2004, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response to the motion for summary judgment on October 7, 2004.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge William M. Catoe for a Report and Recommendation (the "Report"). The Magistrate Judge filed a Report and Recommendation on February 9, 2005 in which he recommended that respondents' motion for summary judgment be granted. Petitioner filed

1

untimely objections to the Report on March 10, 2005. Petitioner's objections are both untimely[1] and unmeritorious. The Court will still address the merits of the untimely objections below.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. Plaintiff alleges in his objections that the Report improperly recommended that summary judgment be granted.

## Procedural History

Petitioner was indicted in January 1987 in Charleston County for murder and criminal sexual conduct first degree. He was reindicted in March of 1987 for murder. The state sought the death penalty in petitioner's case. Petitioner was initially represented by appointed counsel Joseph Kent, Public Defender of Charleston County, and J. Wescoat Sandlin. The petitioner entered a plea of not guilty. He was tried by a jury before the Honorable Richard F. Fields March 16-21, 1987. The jury found him guilty of murder and criminal sexual conduct in the first degree. After a sentencing hearing was held, the jury unanimously sentenced the petitioner to death, finding that the existence of murder

---

[1] The Magistrate Judge's Report filed February 9, 2005, notified petitioner of the serious consequences of filing to file objections "within ten (10) days of the date of service." Under this ten (10) day rule, objections to the Report were due no later than March 2, 2005. Petitioner did not file his objections until March 10, 2005.

committed while in the commission of criminal sexual conduct beyond a reasonable doubt.

Petitioner appealed to the South Carolina Supreme Court, which reversed the sentence and remanded the matter for resentencing. *See State v. Gathers*, 369 S.E.2d 140 (S.C. 1988). The state petitioned the United States Supreme Court for writ of certiorari, which was granted, and the judgment of the South Carolina Supreme Court was upheld. *See South Carolina v. Gathers*, 490 U.S. 805 (1989).

A resentencing occurred on May 21, 1990. On May 28, 1990, the jury found the existence of the statutory aggravating circumstance of physical torture. Petitioner was sentenced to life by the Honorable William L. Howard. Petitioner once again appealed to the South Carolina Supreme Court. On April 6, 1992, the South Carolina Supreme Court entered an unpublished order affirming the sentence. *See South Carolina v. Gathers*, No. 92-MO-37 (April 6, 1992).

The petitioner filed an application for post-conviction relief ("PCR") on May 10, 1994, alleging ineffectiveness of counsel, ineffectiveness of trial counsel, and denial of due process. Petitioner's appointed counsel, Jerry N. Theos, filed an amended application on December 7, 2000. A hearing on the matter was finally convened on March 5, 2001, before the Honorable Jackson Gregory. At the conclusion of the hearing the matter was taken under advisement, and on November 21, 2001, Judge Gregory entered an order denying relief in its entirety. Petitioner appealed this denial to the South Carolina Supreme Court, which denied certiorari and entered remittitur on February 24, 2003. Petitioner filed the instant action on February 13, 2004.[2]

---

[2] Petitioner filed a prior § 2254 petition that was dismissed *without prejudice* for failure to exhaust his state remedies by the Honorable Joe Anderson. *See* C/A No. 6:98-3598-17AK.

3

**Legal Standard for Summary Judgment**

Defendants filed their motion for summary judgment pursuant to Rule 56, FRCP. The moving party bears the burden of showing that summary judgment is proper. Summary Judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rules 56(c), FRCP; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. *Celotex*, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine issue for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine issue for trial. Fed. R. Civ. P. 56(e); *Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *Barber v. Hosp. Corp. of Am.*, 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at trial on the merits." *Mitchell v. Data General Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993).

**Discussion**

The Report recommended granting respondents' motion for summary judgment on the basis that his allegations are procedurally barred due to petitioner's failure to timely raise the issues in state

4

court. Petitioner's objection to the Report is that his

> Trial Counsel's failed to research, investigate, and prepare [him] a defense to suppress the Warrants of arrest, statements made by Petitioner, and his indictments for Murder and Criminal Sexual conduct first degree of January 12th, 1987, or his indictment for Murder upon reindictment on March 2nd, 1987 and, all evidence for violating Petitioner's Fourth Amendment rights due to lack of probable cause for his arrest.

(Objections p. 1) However, petitioner fails to allege a specific objection to the Magistrate Judge's recommendation as to procedural bar.

**Law of Exhaustion and Procedural Bar**

Absent a valid excuse, a state prisoner must exhaust his remedies in state court before seeking federal habeas corpus relief. *See* 28 U.S.C. § 2254(b). The petitioner bears the burden of proving exhaustion. *See Beard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998); *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997).

The theory of exhaustion is based on 28 U.S.C. § 2254, the statute giving the federal court jurisdiction of habeas petitions. This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. It is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this Court. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). The United States Supreme Court has consistently enforced the exhaustion requirement:

> The exhaustion doctrine existed long before its codification by Congress in 1948. In *Ex parte Royall*, 117 U.S. 241, 251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act.

*Rose v. Lundy*, 455 U.S. 509, 515 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his

conviction. The first avenue is through a direct appeal and, pursuant to state law, an appellant is required to state all his grounds in that appeal. *See* SCAR 207 and *Blakeley v. Rabon*, 221 S.E.2d 767 (1976). The second avenue of relief is the filing an application for post-conviction relief ("PCR"). *See* S.C. Code Ann. § 17-27-10 *et seq*. A PCR applicant is also required to state all of his grounds for relief in his application. *See* S.C. Code Ann. § 17-27-90.

When a petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Richardson v. Turner*, 716 F.2d 10059 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168 (5th Cir. 1977). If a petitioner has failed to raise an issue before the state courts, but still has any means to do so, he will be required to return to the state courts to exhaust the claims. *See Rose v. Lundy, supra.*

"Procedural default" refers to the application of a state procedural rule to bar review of a particular claim. A federal court ordinarily will not review a claim that is procedurally defaulted. *See Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998). This practice ensures that § 2254 petitioners do not evade state procedural rules governing review of criminal convictions. *See Lambrix v. Singletary*, 520 U.S. 518 523 (1997). In order for the procedural default doctrine to apply, the procedural rule invoked by the state court or the § 2254 respondent must be "adequate" and "independent;" whether a rule is adequate and independent is a question of federal law. *Henry v. Mississippi*, 379 U.S. 443, 447 (1965).

To determine whether a claim that was raised in state court is procedurally defaulted, a federal

court must answer three (3) questions:

1. What is the rule of procedure that would potentially bar the claim from consideration by the state court?
2. Is the rule one that may be deemed adequate and independent?
3. Was the rule actually relied upon by the state court?

*Thomas v. Davis*, 192 F.3d 445, 450 (4th Cir. 1999). A claim may also be procedurally defaulted if it was never raised in state court. This is the companion to the exhaustion doctrine explained above. If an applicant has not presented a particular claim to all appropriate state courts and there is no state remedy still available for him to do so, then the claim will ordinarily be deemed exhausted, but procedurally defaulted. *See Teague v. Lane*, 489 U.S. 288, 297-99 (1989); *Clagett v. Angelone*, 209 F.3d 370, 378 (4th Cir. 2000); *Burket v. Angelone*, 208 F.3d 172, 201 n. 21 (4th Cir. 2000).

A petitioner can obtain review of a procedurally defaulted claim by establishing either "cause and prejudice" or "actual innocence." *See. Thomas v. Davis*, 192 F.3d 445, 450 n. 2 (4th Cir. 1999); *Mueller v. Angelone*, 181 F.3d 557, 584 (4th Cir. 1999); *Roach v. Angelone*, 176 F.3d 210, 221 (4th Cir. 1999); *Breard v. Pruett*, 134 F.3d 615, 620 (4th Cir. 1998).

**Application**

In his objection, petitioner appears to be contending that his arrest was illegal:

Petitioner was denied the Effective Assistance of Counsel by Trial Counsel's failure to investigate, research, and consult with him, and prepare him a defense to challenge the fact that he was not afforded his consult with him, and prepare him a defense to challenge the fact that he was not afforded his Arraignment, preliminary hearing and bail hearing conducted by a magistrate.

(Objections p. 5) This issue was not addressed at trial, on appeal, or in the petitioner's state PCR action. It cannot be raised for the first time in this case. The same is true of petitioner's objection to the use of police testimony to secure his indictments. Petitioner has failed to offer this Court any

reason why the procedural bar should be ignored.

## Conclusion

The Court has reviewed the Report, pleadings, memoranda, and applicable law. The Court overrules all objections, adopts the Report and Recommendation and incorporates it herein by reference. Respondents' motion for summary judgment is **GRANTED** and petitioner's petition is hereby **DISMISSED**.

**IT IS SO ORDERED**.

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

May 31, 2005
Florence, South Carolina